**Merl E. WINSLETT, Appellant,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 16 OF COMANCHE COUNTY, Oklahoma, and Perry Horacek, Perry Brown, Robert Crabtree, Roy Schultz, and Charles Spencer, in their official capacity as members of the Board of Education of Independent School District No. 16 of Comanche County, Oklahoma, Appellees.**

No. 55782.

Court of Appeals of Oklahoma,
Division No. 2.

June 15, 1982.

Rehearing Denied Aug. 9, 1982.

Released for Publication by Order of
Court of Appeals Sept. 3, 1982.

J. Steven Rogers, Fagin, Hewett, Mathews & Fagin, Oklahoma City, for appellant.

Richard G. Robertson, Schacher & Robertson, Lawton, for appellees.

BACON, Judge.

This appeal involves a suit brought by a nontenured school teacher after nonrenewal of his teaching contract by the school board. The teacher appeals from summary judgment in favor of the school district and the board.

The record shows teacher Merl E. Winslett testified that he graduated from college in 1967 or 1968 and became a music teacher. During the next ten years he had six different teaching jobs.

In 1977 he was employed as a band teacher by Independent School District No. 16 of Comanche County, in Elgin, Oklahoma. He held that job during the 1977–78 and 1978–79 school years. During the 1978–79 school year the record shows Winslett was chronically late for school; as much, in fact, as three times a week. The principal or superintendent discussed Winslett's tardiness with him. The tardiness was also brought to Winslett's attention during his statutorily prescribed bi-annual evaluations. The record also reveals that Winslett falsified school records by signing in or out of school and writing down a time different from the correct time.

The record further shows Winslett violated other rules and regulations of the school. On one occasion a group of students and parents was to meet Winslett at the school at 5:00 a.m. for a band trip to Enid. The students and parents waited at the designated time. Winslett, however, failed to show up. A friend of his later called the school and said Winslett was ill. Other instances of noncompliance with school rules and regulations and related excuses not worthy of mentioning here also occurred.

Finally, in March 1979 Winslett was notified that his teaching contract would not be renewed. Winslett then demanded and received a statutory "due process" hearing which also resulted in the decision not to renew his contract. Winslett drew some unemployment from August through November 1979, at which time he found another teaching job.

On November 5, 1979, Winslett filed the present lawsuit. His petition contained two causes of action. The first cause of action prayed for reinstatement of his teaching position, costs and attorney's fees. The second cause of action prayed for $50,000 damages, but was dismissed with prejudice and is not a part of this appeal. Appellees answered and, after deposition of Winslett, moved for summary judgment. On August 14, 1980, the trial court sustained Appellees' motion for summary judgment and Winslett perfected this appeal.

Winslett sets forth several propositions for error all of which are so similar that we will treat them as one. The thrust of Winslett's argument is that strict compliance with the provisions of 70 O.S.1981 § 6–102.1 et seq., enacted in 1977, is a condition precedent to proper nonrenewal of his employment contract.[1]

Winslett argues he was not given, in writing, the reasons he was being nonreem-

1. We emphasize that this appeal does not challenge the merits of Appellees' decision not to reemploy Winslett. Winslett also stresses this in his brief wherein he says:

"This appeal does not raise the issue of the merits of the decision of appellees to nonreemploy appellant. Appellant is not asserting a right to have this or any court substitute its judgment on the merits of cause for nonreemployment for that of the elected officials charged with that responsibility. Rather, appellant seeks a review of the procedural aspect of the law concerning nonreemployment of probationary teachers.

. . . .

"However, appellant must again stress that this action does not question whether or not appellees had a valid reason to nonreemploy Winslett. The question before the Court is whether appellees complied with the procedures to nonreemploy Winslett required by Oklahoma Statutes. Whatever the reasons appellees felt justified their decision to nonreemploy Winslett, the statutes are clear that

ployed and such omission was a failure to strictly comply with the statutes governing nonrenewal of a probationary teacher.

■ It is undisputed that Winslett was a "probationary teacher" and not a tenured teacher because he had not taught for the required three years at Elgin. 70 O.S.1981 § 6–102.1(4). Title 70 O.S.1981 § 6–102.2 provides that the school must establish a written policy of evaluation and provide same to the teacher. Section 6–102.2(3) further states that every probationary teacher shall be evaluated at least twice each year, once prior to November 15 and once prior to February 10. Section 6–103.2 provides that if the principal believes a teacher, after evaluation under section 6–102.2(3), should be admonished for a reason the principal believes may lead to the teacher's dismissal or nonreemployment, the principal shall bring the matter to the attention of the teacher, in writing, and make a reasonable effort to assist the teacher in correcting the problem for a reasonable period of time not to exceed two months. Winslett argues he was not provided with written reasons regarding the conduct he needed to correct. Therefore, he argues, there was not compliance with the statute, and thus, he was unlawfully nonrenewed.

■ Title 70 O.S.1981 § 6–103 provides that any teacher, tenured or not, may be dismissed at any time or not reemployed for "immorality, willful neglect of duty, cruelty, incompetency, teaching disloyalty to the American Constitutional system of government, or any reason involving moral turpitude . . . ." If a teacher is to be dismissed or nonreemployed for cause, section 6–103.-4(B) provides, in the case of a probationary teacher, that notice shall be given to the teacher stating the cause for nonrenewal and the right to a "due process hearing" on the matter if the teacher so requests. In the present case, Winslett was given the

notice required by section 6–103.4 and, in fact, had a due process hearing which resulted in the finding that Winslett was not to be reemployed.

Thus, the problem in the instant case presents itself as this: Winslett argues he was not given written notice of admonishment required by section 6–103.2 and a reasonable time to correct same. However, section 6–103, pertaining to dismissal or nonreemployment for cause, and section 6–103.4, pertaining to notice of nonreemployment or dismissal for cause with due process hearing, do not provide for any written admonishment and reasonable period to correct the problem.

■ Winslett wants us to read the statutes to say that in all cases of dismissal or nonreemployment, for cause or not, the teacher must be given the written notice of admonishment under section 6–103.2 and a reasonable period of time to correct same. We refuse to so interpret the statutes. As we read the statutes we find that if after evaluation as required in section 6–102.2, a teacher needs to be admonished for some reason other than for cause under section 6–103, then under those circumstances the teacher must be admonished in writing and given a reasonable time in which to correct the reason for the admonishment. If, however, the probationary teacher is to be dismissed or not reemployed for cause stated in section 6–103, the only requirement is that the teacher must be given notice in writing as to the cause of his dismissal or nonreemployment and also notice of the right to a due process hearing as provided for in section 6–103.4.

■ In the present case, Winslett was given notice in writing under section 6–103.4 that he was being nonreemployed for "repeated tardiness in arriving at the Elgin Public School." Winslett was also given notice of his right under section 6–103.4 to

those reasons were to have been communicated to Winslett in writing in such a manner that it was clear failure to remedy the stated

problems would lead to his nonrenewal. This appellees have not done, and for this reason their actions are improper."

a due process hearing; a right he exercised. Winslett's repeated tardiness was brought to his attention numerous times, orally and in writing, before and after his two yearly evaluations. His tardiness continued. We conclude such conduct amounts to willful neglect of duty and borders on incompetency.

We conclude under these circumstances that the judgment of the trial court should be and is hereby affirmed.

BOYDSTON, P.J., and BRIGHTMIRE, J., concur.